UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Nos. 5:17-cr-00556 / 5:20-cr-00248 |
| | : |
| JASON WEIGAND. | : |

**O P I N I O N**
**Second Motion for Bail, ECF No. 113 in 17-556; ECF No. 39 in 20-248 - Denied**

**Joseph F. Leeson, Jr.**                                                                                           **October 21, 2021**
**United States District Judge**

I.   **INTRODUCTION**

The above-captioned case involves two separate indictments against Jason Weigand. Weigand was released on bail following the first indictment. The Court later revoked bail because it found probable cause that Weigand committed the federal crime of witness tampering. Weigand has filed a motion seeking to reinstate bail. For the reasons below, the motion is denied.

II.  **BACKGROUND**

On October 12, 2017, a grand jury returned a twenty-count indictment against Weigand, charging him with, among other things, bank, mail, and wire fraud. *See* ECF No. 1 in 17-556. The indictment alleged that Weigand, a licensed financial advisor, misappropriated funds belonging to several of his clients—AR, BG, WK, JH, and RH.[1] *Id*. Weigand was released on bail subject to conditions that he "have no contact with . . . potential witness[es] in this case," and that he did not commit any "Federal, State, or local crime during the period of release." ECF Nos. 5–6 in 17-556.

---

[1] The Court uses the victims' initials throughout this Opinion to protect their privacy.

While Weigand was out on bail, he contacted JH and RH on separate occasions. As a result of these contacts, the Government moved to revoke his bail. *See* ECF No. 45 in 17-556. This Court granted that motion after holding a hearing and finding by clear and convincing evidence that Weigand had violated conditions of his release and that there existed probable cause that he had committed the federal crime of witness tampering. *See* ECF No. 46.[2]

On July 25, 2019, a grand jury returned a second superseding indictment against Weigand, which adds three new bank fraud charges. *See Sec. Sup. Ind.,* ECF No. 44 in 17-556. The new charges pertain to Weigand's alleged misuse of funds belonging to his clients JH and RH in 2013 and 2014. *See id.*

On August 18, 2020, a grand jury returned a six-count indictment against Weigand, charging him with mail fraud, wire fraud, and interstate transportation of stolen securities. *See* ECF No. 1 in 20-248. These charges are based on Weigand's alleged misappropriation of funds belonging to his client AR. *See id.* Importantly, the indictment charges that the misappropriation of AR's funds occurred while Weigand was out on bail, and that he did not tell AR that he had surrendered his state investment licenses, that he was under investigation, that he had been federally indicted, or that he was out on bail. *See id.*

The two cases were consolidated, and Weigand's trial is now scheduled for November 29, 2021. *See* ECF No. 110; ECF No. 36.[3] On September 10, 2021, Weigand filed with the Court

---

[2] JH testified that Weigand told him not to speak with federal agents who were on a "witch hunt."

[3] Because there are two separate dockets for this case, one for each indictment, this Opinion cites to both dockets throughout. The first ECF number is for case 17-556, and the second is for case 20-248.

a motion to reinstate bail pending trial. *See* Mot., ECF No. 113; ECF No. 39.[4] The Government filed a memorandum in opposition to the Motion. ECF No 42 in 20-248.

### III.   Revocation of Release – Review of Applicable Law

When a defendant's bail has been revoked because "there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b)(2)(B). Once bail has been revoked under this statute, a defendant seeking to reinstate bail must put forward evidence to rebut the presumption. *See e.g.*, *United States v. Cook*, 880 F.2d 1158, 1162 (10th Cir. 1989); *United States v. McKethan*, 602 F. Supp. 719, 722 (D.D.C. 1985); *United States v. Wilson*, 820 F. Supp. 1031, 1034 (N.D. Tex.), *aff'd*, 996 F.2d 308 (5th Cir. 1993).

### IV.   Analysis

The Motion contends that Weigand's bail should be reinstated for three reasons. First, it argues that Weigand's pretrial detention has burdened his ability to prepare for trial. Mot., ¶¶ 12–21. Second, it argues that Weigand has shown good behavior while being detained. *Id.* ¶ 20. Third, it argues that COVID makes his pretrial detention unsafe for him and his counsel. *See generally id.*[5] Each of these arguments fails for the same reason—none offer evidence to rebut the presumption established by statute. *See* 18 U.S.C. § 3148(b)(2)(B).

---

[4] The Motion is identical in both cases.
[5] The Motion also argues that Weigand did not commit the crime of witness tampering. Mot., ¶ 26. However, the Court already made the finding that probable cause exists, and it declines to revisit the issue here.

The Court revoked Weigand's bail because probable cause exists that he committed the federal crime of witness tampering while on bail. This creates the presumption that "no condition or combination of conditions will assure that [Weigand] will not pose a danger to the safety of any other person or the community." *See id*. Weigand has not presented any evidence to rebut that presumption. Even if he had met his burden of production, it would not necessarily persuade the Court that pretrial release is warranted in this case. *See Wilson*, at 1034 (explaining that "even if a Defendant meets the burden of production, the rebuttable presumption of § 3148(b) does not disappear"). This is especially true considering the fact that a second indictment was issued against Weigand that charges him with similar conduct as that charged in the Second Superseding Indictment. *See United States v. Gennaco*, 834 F. Supp. 2d 38, 42 (D. Mass. 2011) ("the superceding [sic] indictment gave rise to probable cause that the defendant had committed a crime while on pre-trial release, which supports the rebuttable presumption that no conditions can assure he will not pose a danger to safety"). The Motion is therefore denied because Weigand has not met either burden of production or persuasion.

V. **CONCLUSION**

For the above reasons, the Motion is denied.

A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge